ALBANY,
August, 1805.

Bradt
v.
Cray.

Thomas Bentley and others *against* Warren Smith and others.

*A promissory note to A. B. C. D. E. F. & Co. though there be no other persons in the firm, cannot be declared on them with the addition of & Company, but their individual names must be stated, with the usual description of trading under the stile, &c. if otherwise, it is bad on general demurrer.*

ON a promissory note to *Thomas Bentley, Allen Potter, John P. Becker, and Company*, the declaration commenced in this way :

*Albany*, to wit : *Thomas Bentley, Allen Potter, John P. Becker, and Company*, complain &c. To this a general demurrer.

*Foote* insisted, that it was evident on the face of the record, that there were other persons not mentioned who ought to have been joined. Such a circumstance, if proved on a trial, would have prevented a recovery, and was equally fatal on general demurrer.

*Crary*, contra, was stopped by the court.

*Per curiam.* Stating that the plaintiffs named, and company complain, is acknowledging that other persons ought to sue. Did the defendants ever acknowledge there were no others ; this mode of declaring ought not to be suffered. Why did you not say *Thomas Bentley, Allen Potter, and John P. Becker*, trading under the stile and firm of T. B. A. P. J. P. B. and Company ? The demurrer is well taken, and the defendants entitled to judgment. But the plaintiffs may amend on payment of costs.

## Hugh Moor *against* Roswell Ames.

*An action will not lie before one justice, to recover back the amount of a fine imposed on a witness by another justice, for a contempt in a suit before him.*

ON *certiorari.* The suit before the justice, was to recover back a fine of $ imposed by the now plaintiff upon the present defendant, for a contempt in refusing to be sworn, or answer as a witness in a cause tried before him.

*Per curiam.* A justice is not liable to a suit for a judicial act, and the merits of the imposition of the fine, cannot be overhauled before another justice. The magistrate in the first suit had exclusive jurisdiction to determine when the witness was in contempt.

## Daniel B. Bradt *against* John George Cray.

*This court will not proceed where there is not a lis pendens here.*

A BILL for exceptions had been sealed by the judges of the *Common Pleas*, and the parties attempted to bring on the argument, though no writ of error had been sued out.

*Per curiam.* Take back your cases. There is no *lis pendens.*