THE BANK OF HAVANA *v.* MAGEE *et al.*

The prosecution of a suit by an individual banker, in a name importing a corporate character, under which he carried on business, is a merely formal error amendable in the courts of original jurisdiction and to be disregarded in this court.

Where the plaintiff miscalls himself by a name which represents no person, natural or artificial, the remedy it seems is by motion and not by demurrer or answer.

APPEAL from the Supreme Court. The plaintiff had judgment there in an action for equitable relief. On the trial it appeared that there was no corporation of the name of The Bank of Havana, but that Charles Cook carried on a banking business under that name as an individual banker, at the village of Havana, then in the county of Chemung, having complied with the provisions of the statutes on that subject; and that the cause of action accrued to him out of transactions in the course of that business. The objection was then taken that no judgment could be given in the case for the want of a proper plaintiff, but it was overruled.

The complaint did not allege that the plaintiff was a corporation. It commenced: "The Bank of Havana, plaintiff in this suit, complains," &c. The object of the suit was to obtain payment of a judgment alleged to have been recovered by the plaintiff against one Wickham, upon which an execution had been returned unsatisfied; and Magee was made a defendant on account of having taken a conveyance of all Wickham's real and personal estate, after his debt to the plaintiff was contracted and shortly before the plaintiff obtained judgment, which conveyance was alleged to be fraudulent as against the plaintiff.

The answer of Magee did not state any objection relating to the character of the plaintiff, but assumed by implication that The Bank of Havana was a person with whom transactions, such as were stated in the complaint, might be had. It denied knowledge or information as to the plaintiff's judgment and the execution, and whether Wickham's indebtedness to the plaintiff was contracted at the time alleged in the complaint; but it admitted that "after the said debt was contracted to the plaintiff," Wickham made a certain conveyance to him, Magee, and that about the time of the conveyance Magee "heard that Wickham was the indorser of certain paper held by the plaintiff to the amount of the plaintiff's judgment." Wickham's

answer admitted the plaintiff's judgment and execution, and likewise assumed that the plaintiff on the record was a person capable of such transactions as those alleged. One of the defendants, who had taken a conveyance of some of the property in question from Magee, denied in his answer that there was any such person or corporation as The Bank of Havana, and alleged that Cook carried on a banking business under that name; but that defendant was not an appellant, the judgment of the Supreme Court being in his favor.

The first piece of evidence offered by the plaintiff on the trial, which was before a justice without a jury, was the judgment in the Supreme Court, in favor of The Bank of Havana against Wickham, which had been docketed in Chemung county. It appeared to have been given by confession of Wickham. The defendants objected to its introduction on the ground that the plaintiff had not proved itself to be a corporation, but the objection was overruled and the defendants excepted. At a subsequent stage of the trial, the plaintiff showed that he was recognized at the Bank Department as an individual banker, and as such had received circulating notes from the Superintendent. The defendant, in the course of the trial, objected in various forms to a recovery, on the ground that the plaintiff was not shown to be a corporation or to have any right to sue, which objections were disallowed and exceptions were taken.

The judgment declared the conveyance to Magee to be void, and he having realized sufficient moneys out of the sale of the property to pay the plaintiff's judgment, was adjudged to pay the amount of that judgment to the plaintiff.

The judgment was affirmed at a general term in the sixth district, and Magee appealed.

*John K. Porter*, for the appellant.

*Samuel A. Foote*, for the respondent.

DENIO, J. The judgment was sustained at the general term of the Supreme Court, on the grounds: 1. That the plaintiff

was a corporation sole; and 2. If this were not so, that the defendant was concluded by the pleadings from denying the plaintiff's corporate character. I am of opinion that it cannot be upheld upon either of these positions. The associations formed under the general banking law have been adjudged to be corporations on account of certain corporate attributes which the act confers upon them. Private bankers, however, are not clothed with powers peculiar to corporations, but are only relieved from certain of the provisions of the restraining acts. (*Codd* v. *Rathbone,* 19 *N. Y.,* 37.) By the Code, whatever is alleged in the complaint, and not denied in the answer, is to be considered as admitted; but there is no averment in this complaint that the plaintiff is a corporation, and consequently no admission of that fact. The 3d section of the article of the Revised Statutes referred to, only operates to 1e lieve plaintiffs from proving their corporate existence, where the defendant has not expressly put it in issue; and it has no application where it is expressly shown on either side that the plaintiff has no corporate being. (2 *R. S.,* 458.) The 13th section is equally inapplicable, its object being to provide a more concise form of pleading acts of incorporation; and so of the 14th, which relieves parties from the consequences of the misnomer of a corporation in pleading, where advantage is not taken of the mistake by plea in abatement. It assumes the existence of a corporation by a different name than that given by the pleader.

I do not think the difficulty can be remedied, by anything contained in the chapter of the Code relating to demurrers. (§§ 143–148.) It is there declared that the defendant may demur for certain enumerated defects apparent on the face of the complaint, and among others that the plaintiff has not a legal capacity to sue, and that there is a defect of parties, plaintiff or defendant. But there was not here any defect on the face of the complaint. For aught that appeared, the plaintiff was a corporate body. But then it is provided, that where any of the defects enumerated do not appear upon the face of the complaint, the objection may be taken by answer· and that if

Bank of Havana *v.* Magee.

not taken in one or the other of these ways, the defendant shall be deemed to have waived the same. The objection is not, I conceive, that the plaintiff has not a capacity to sue, but that no person, natural or artificial, is named as plaintiff. Certain persons, as infants, idiots, lunatics and married women, cannot sue except by guardians, next friends, committees, or in the case of married women, by joining their husbands in certain cases. This, I think, was what the provision refers to, and not the absence of a real person as plaintiff. The other expression, a defect of parties, refers to the absence of some person or persons who ought to be joined with the party on the record.

But I am of opinion, that when it appeared on the trial, that the plaintiff's attorney had fallen into the mistake of stating the name which Mr. Cook had given to his bank, as the creditor of Wickham, and as the plaintiff in the suit, instead of his proper name, a plain case was presented for an amendment, under the 173d section of the Code. That provision is, that "the court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case; or, when the amendment does not change substantially the claim or defence, by conforming the pleading or proceeding to the facts proved."

It is apparent from the pleadings, that the parties understood each other perfectly, as to the creditor who was seeking to impeach the conveyance to Mr. Magee. Both agreed that it was the individual or individuals transacting business under the name of The Bank of Havana, and both were equally in error in believing that the name which was used to designate the plaintiff was one under which the creditor might, consistently with the forms of law, prosecute his suit in a court. This belief was no doubt founded on the assumption, that an individual banker, issuing circulating notes pursuant to the general banking law, was a corporation. The duty of the court,

when the objection was taken, was to order the pleadings to be amended. It was authorized not only to correct a mistake in the name of a party, but in any other respect, and the amendment which the case called for would fall within either branch of that provision. The defendant's counsel, it is true, did not ask for an amendment, and this would be a reason for denying it now, if it were not apparent that the case was one where terms could not have been properly imposed as a condition. The defendant had answered fully upon the merits of the action. He had recognized the suit as one properly commenced for the benefit of the creditor holding the indorsements of Wickham, for which a judgment had been obtained, to determine the validity of the conveyance under which he claimed. Such being the intention of the pleadings, the error in calling the creditor by the name employed was purely formal, and should have been corrected on the spot without the imposition of any terms. The determination of the court was, that it would disregard the error, on the ground that it was cured by the omission of the defendant to object by answer or demurrer; and the case then proceeded in the same manner as though an amendment had been made. Both parties produced their evidence upon the merits, and final judgment was pronounced, on the assumption that the name used to designate the plaintiff represented the creditor who owned the demand against Wickham which was sought to be enforced. There was, no doubt, an error in proceeding upon the imperfect record, instead of requiring it to be amended, but it was one of form and not of substance; and the courts are directed by another section of the Code, "in every stage of an action to disregard any error or defect in the pleadings or proceedings, which shall not affect the substantial rights of the adverse party," and they are forbidden to reverse a judgment for any such error or defect. (§ 176.) This mandate is addressed to this court, equally with the court of original jurisdiction. It should have been mentioned, that the controversy did not involve any question touching corporate rights or powers, and that the relief was precisely that which would

have been awarded to an individual creditor, if there had been no pretense of corporate authority.

In *Davis* v. *The Mayor*, &c., of *New York* (14 *N. Y.*, 506), we held, that where the plaintiffs on the record had no interest in the subject of the litigation, an amendment bringing in other parties unconnected with them, was erroneous. The amendment in that case changed the character of the suit, from one brought to prevent a private injury to individuals, to an action at the suit of the State, to enjoin against the commission of a public wrong. It is not a precedent for a case like the present, where the nature of the litigation is not changed, and where the name used fails, for technical reasons only, adequately to represent the party seeking redress.

The same error which appears in the record in the present case, existed in the record of judgment which was given in evidence as the foundation of the plaintiff's claim to question the conveyance which Wickham had made to the defendant. If the judgment was void, the plaintiff had nothing to stand upon in the action; but it was otherwise if it was only erroneous or voidable. Void things are as no things, but erroneous judgments are those liable to be set aside for irregularity, and they cannot be questioned when set up in another suit. In deciding that the judgment under direct review, though erroneous, is not so in substance but only in form, and that it is capable of being made perfect by amendment, and that the error is one which we are bound by law to disregard, we in effect hold that the judgment given in evidence was not a nullity. In the proceeding which resulted in that judgment, the creditor persisted in using the name of The Bank of Havana to designate himself. Wickham, the defendant, recognized that name as representing the holder of the paper indorsed by him, by confessing judgment for its amount; and the Supreme Court having general jurisdiction adjudged the amount against the defendant in favor of the nominal plaintiff, which the parties had thus agreed should represent the creditor. The error in both cases was one which could be corrected before or after judgment in furtherance of justice. These considerations have led us, not

without some hesitation, to the conclusion that the judgment appealed from ought to be affirmed. We have felt the incongruity of a judgment, in which the name used as plaintiff is not that of any natural or any artificial person; but we have yielded to what we conceive to be the fair result of those provisions of the Code of Procedure to which we have referred. The Supreme Court, upon being again possessed of the case by receiving the remittitur, may amend the record in the particular referred to.

COMSTOCK, J. The rules of the common law as to misnomer and pleas in abatement on account of misnomer, have, I think, very little to do with the present question. According to those rules a misnomer could only be pleaded in abatement, and we have now no such plea or answer. Under the Code, everything which goes to defeat the action, and which does not appear on the face of the complaint, is a defence, and is brought forward by answer. (*Code,* §§ 149, 150.)

It is one of the provisions of the Code (§ 111), that every action must be prosecuted in the name of the real party in interest, except, however, in suits brought by trustees and others acting in a representative capacity. If it appear on the face of the complaint that the suit is brought in a name which does not represent the real party in interest, no doubt the objection can be taken by demurrer. But if the defect does not so appear, it must be defensively alleged in the answer, so as to form an issue for trial. If no such issue is framed, I think the question is not to be tried. If the plaintiff's case, as set forth in the complaint, is in other respects proved, he is entitled to a verdict and judgment, although he was not in fact the proper party to sue, or has called himself by a wrong name.

In this case, the cause of action existed in favor of Charles Cook, but the suit was brought by him in the name of The Bank of Havana. This was irregular. If Charles Cook is one party and The Bank of Havana is another, then the suit is brought in a name which does not represent the real party in interest; and this would have been a good defence if it had

been brought forward at the proper time and in the proper manner. But in truth there is no Bank of Havana, and the logical consequence is that Mr. Cook has simply misnamed himself. He has taken the name which he uses in a particular business, and quite irregularly has introduced himself to the courts by that name. This he should not have done. He ought to have sued in the surname of his ancestors and the christian name given to him in baptism. But I consider this a mere irregularity in procedure, which in its nature could not be the subject of demurrer or answer. Every action, it is true, must be prosecuted in the name of the real party in interest. Therefore the assignee of a chose in action must now sue in his own name, whereas formerly he had to sue in the name of his assignor, who was the original owner. That provision of the Code is not violated when a plaintiff misnames himself. The suit is still brought in the name of the real party, although he has used an *alias* which is not in fact or in judgment of law his true name. It is a name which he gives to himself for the occasion. If the defendants felt themselves aggrieved by this irregularity they should have moved to set aside the first proceeding in the suit for that cause. Instead of taking that course they took issue on the merits of the controversy and went to trial. By so doing they waived the objection.

The judgment should be affirmed.

Judgment affirmed.