## TRAVER v. EIGHTH AVE. R. R. CO.

### September, 1867.

Under the Code of Procedure, the only way to take advantage of a mere misnomer,—e. g., the bringing of an action by a married woman in her maiden name,—is by answer; if not set up by answer, advantage can not be taken of it on the trial.

A mere misnomer in pleading is a formal error, amendable in the court of original jurisdiction; and will not be noticed in this court.

Where a minor child is injured by negligence, the parent may recover for the loss of service for the remainder of the period of minority; and, if the disability continue beyond that period, the child may recover for such further loss.

Amelia Traver, by A. Bull, her guardian, sued defendants in the New York superior court, for damages, by an injury alleged to have been caused by the carelessness of the defendants' servants, while plaintiff was a passenger on one of their cars. After the injury, and before suing, plaintiff intermarried with one Collins, but in the summons and complaint in the action she was designated by her maiden name. She was about 18 years old at the time of the injury, and but a few months past 21, at the time of the trial.

Upon the trial, evidence was received under exception, as to how much she could earn per week, prior to the injury, and that some money had been expended in taking care of her the last year preceding the trial.

Defendant moved to dismiss the complaint, on the ground, among others, that the action was improperly brought in plain-

tiff's maiden name, instead of the name acquired by marriage. The motion was denied.

It appeared that an action had been previously brought by plaintiff's mother, and a recovery had for loss of plaintiff's services, and the expense of taking care of her.

The court charged the jury that nothing could be recovered for those causes in the present action. The jury gave plaintiff a verdict for twenty-five hundred dollars.

*The superior court* at special term, denied a motion for a new trial. Judgment on the verdict was affirmed at general term. Defendants appealed.

*J. W. Ashmead,* for the defendants, appellants;—Cited, Cowden *v.* Wright, 24 *Wend.* 429 ; Clark *v.* Vorce, 19 *Id.* 232 ; Myers *v.* Malcolm, 6 *Hill,* 292; Dresser *v.* Ainsworth, 9 *Barb.* 625 ; Worrall *v.* Parmalee, 1 *N. Y.* (1 *Comst.*) 519 ; Erben *v.* Lorillard, 19 *N. Y.* 303; Welles *v.* Hudson River R. R. Co., 14 *Id.* 433 ; Button *v.* Hudson River R. R. Co., 18 *Id.* 248.

*John H. Reynolds,* for plaintiff, respondent.

BY THE COURT.—GROVER, J.—Commencing the action in the maiden name of the plaintiff, instead of that acquired by marriage, was a misnomer merely. There was no pretense but that the plaintiff was the proper person to sue, and the only one that could maintain an action for the injury sought to be redressed. Under the practice prior to the Code, misnomer of either party could only be plead in abatement of the action (2 *Grah. Pr.,* and cases cited). Neglecting to interpose such plea waived any advantage to the defendant therefrom. The mistake was amendable by the court. The misnomer was not ground of nonsuit upon the trial. It was not like the case of bringing an action by the wrong party ; that was ground of nonsuit. By the Code, pleas in abatement are abolished (*Code,* §§ 142–151). The only mode of presenting such a defense is, under the Code, by answer. No such defense is set up in the answer in the present case. It was, therefore, unavailable upon the trial. In Bank of Havana *v.* Magee (20 *N. Y.* 355), it was held that although there was no such corporation, and that it was only a name assumed by Charles Cook

for the transaction of his banking business, yet bringing the action by Cook in such name was but a mere formal error, amendable in the courts of original jurisdiction, and to be disregarded in this court.

That case goes much further than it is necessary to go in the present. In that case, upon the papers, it would appear that the action was brought by a corporation, and not by Charles Cook, while in the present the plaintiff was the same, whether called by the married or maiden name.

The evidence of what the plaintiff could earn before the injury was held by the judge not to be material, and the jury were instructed not to give any damages for loss of services, inasmuch as the plaintiff's mother had previously recovered therefor. This direction would not have cured the error (if one was committed), in receiving the evidence, if that was such as was calculated to create a prejudice in the minds of the jury, and influence them in fixing the amount of damages, unless it appeared, from the whole case, that the jury were not so influenced (Erben *v*. Lorillard, 19 *N. Y.* 299). The evidence in the present case was not likely to influence the jury upon the question of damages, unless they were convinced that the injury of the plaintiff was of a character to prevent her from attending to her business after she was twenty-one; and, if so convinced, the evidence was proper for the consideration of the jury. When a child, under twenty-one, is injured, the parent can recover for loss of service until the arrival of the child to that age; and, if the disability continues beyond that time, the child may recover for the loss. Upon this point, the case was tried as favorably to the defendant as the law required. No claim for loss of service was made by the plaintiff after she was twenty-one; and the jury were told that the mother had recovered for such loss up to that time. No ground of objection to the proof of what the expense of taking care of the plaintiff had been, was stated. The exception to the proof does not, therefore, raise any question for the consideration of this court. The judgment appealed from must be affirmed.

All the judges concurred.

Judgment affirmed, with costs.