JOHN C. BARBER v. WILLIAM W. SMITH.

*Attachment proceedings in behalf of plaintiffs whose surnames only are known—Pending proceedings not to be presumed void in a collateral suit.*

Attachment proceedings in favor of persons whose surnames only are given in the writ, but who are otherwise identified, are not void but may be amended, and the full names may be inserted, by leave of the court.

Possession by a mortgagee of chattels does not invalidate the levy of a writ of attachment, that was valid when issued.

The names of plaintiffs in attachment must be stated with certainty in the process, and a copartnership title is not sufficient. Less precision is required in justices' courts. Comp. L., §§ 5306-8.

Where the validity of a writ of attachment which does not give the plaintiffs' names in full, is brought into question in a collateral suit while the original proceedings are yet open and correction is still possible, evidence of the issue of the writ cannot be rejected on the ground that the writ is void.

Goods were seized upon a writ requiring the sheriff to attach "sufficient to satisfy the demand of Evans & Walker, copartners, doing business under the firm name and style of Evans & Walker, plaintiffs." The affidavit for the attachment described the plaintiffs as "a copartnership firm doing business under the firm name and style of Evans & Walker at Detroit, Michigan," and stated that the Christian names of said partners were unknown to deponent. Replevin was brought for the goods and the sheriff gave notice that he would justify under the attachment, and he gave the full names of the attachment plaintiffs in his notice. At the trial he offered the affidavit and writ of attachment in justification, and it was objected to as void for the uncertainty in the description of the plaintiffs. *Held* that the objection could not be sustained, as the writ was issued in another proceeding yet pending, and the defect could be amended.

Error to Calhoun. Submitted April 25. Decided June 10.

REPLEVIN. Defendant brings error.

*James H. Campbell* for plaintiff in error. Process is not void for omissions, but for errors contained in it, *Leetch v. Atlantic Ins. Co.*, 4 Daly, 521; an original writ, like other process, can be amended, *Bartholemew v. Chautauqua County Bank*, 19 Wend., 99, overruling *Lynch v. Mechanics' Bank*, 13 Johns., 127; *Lewis v. Locke*, 41 Vt., 11; *Wight v. Hale*, 2 Cush., 486; *Crafts v. Sikes*, 4 Gray, 194; *Nimmon v. Worthington*, 1 Ind., 376; *Jones v. Miller*, 1 Swan (Tenn.), 319; *Final v. Backus*, 18 Mich., 218; a sheriff can attach goods in the possession of a mortgagee before actual sale on foreclosure, Comp. L., § 6097; *Cary v. Hewitt*, 26 Mich., 228; *Macomber v. Sexton*, 28 Mich., 516; *Nelson v. Ferris*, 30 Mich., 497; *Worthington v. Hanna*, 23 Mich., 534; *Flanders v. Chamberlain*, 24 Mich., 305; *Kohl v. Lynn*, 34 Mich., 361; *Van Brunt v. Wakelee*, 11 Mich., 177.

*Miner & Stace* for defendant in error. A writ of attachment issued on a fatally defective affidavit is a nullity, *Buckley v. Lowry*, 2 Mich., 418; *Wilson v. Arnold*, 5 Mich., 98; *Cross v. McMaken*, 17 Mich., 515; at common law, partners must sue by their individual names, *Smith v. Canfield*, 8 Mich., 493; 1 Chitty Pl., 255; Gould's Pl., ch. 3, sec. 60; a mortgagee's right to chattels becomes absolute by any act equivalent to foreclosure, *Kohl v. Lynn*, 34 Mich., 360; a sheriff or execution purchaser cannot take the property from a mortgagee in possession, *Worthington v. Hanna*, 23 Mich., 534; *Hendrickson v. Walker*, 32 Mich., 68.

GRAVES, J. December 10, 1877, A. Byron Smith made a mortgage on a small stock of groceries in his possession, to defendant in error, professedly to secure payment of five hundred dollars in one year, and to indemnify defendant in error against liability incurred as

surety, and also to secure him for advances and endorsements thereafter. It contained the usual provision authorizing actual possession to be taken by the mortgagee when he should deem himself insecure.

The mortgage was filed February 7, 1878, and four days thereafter the mortgagor gave a writing to the mortgagee, empowering him to take immediate possession and dispose of the property. On the next day, February 12th, an attachment against the mortgagor was sued out of the circuit court in favor of "Evans & Walker," by their attorney, Mr. Campbell. The affidavit made by the attorney described "Evans & Walker" as "a copartnership firm, doing business under the firm name and style of Evans & Walker, at Detroit, Michigan," and further stated "that the Christian names of said partners are unknown to deponent."

The writ following the affidavit required the sheriff to attach "sufficient to satisfy the demand of 'Evans & Walker,' copartners doing business under the firm name and style of Evans & Walker, plaintiffs." On the same day the plaintiff in error, who was the sheriff of the county, executed the writ by seizing the groceries mentioned, and three days later, namely, February 15th, the defendant in error replevied them in this action. The plaintiff in error pleaded the general issue to the declaration in replevin, and added a full notice that he would justify under the attachment, and would show that the property belonged to the attachment debtor, A. Byron Smith, and that the claims and agreements set up by defendant in error were fraudulent and void against the creditors of A. Byron Smith, including the plaintiffs in attachment. The notice also stated that the full individual names of said plaintiffs were John Evans and Frederick K. Walker.

At the trial the defendant in error produced in evidence the chattel mortgage and second writing from A. Byron Smith, and gave evidence tending to prove the taking of possession on the evening of February 11th, and

that plaintiff in error seized the next day; that the property still remained where it had been, but notices of sale had been prepared and not posted; that the value was less than four hundred dollars; and that defendant in error, with good reason, felt insecure.

The plaintiff in error offered the affidavit and writ, with the inventory and appraisal, pursuant to the notice given. The offer was opposed, upon the ground that the affidavit and writ were bad, and the reasons assigned were that the plaintiffs' names were not set forth, and that the affidavit was made only on behalf of the firm of "Evans & Walker," and by the agent and attorney of such firm, and that the affiant did not show that he had means of knowing what the defendant in attachment owed.

The point is made in the brief that defendant in error was in actual possession under the chattel mortgage, and was proceeding to sell, and that it was not competent to interfere under the attachment. No such ground was taken at the trial, and if there had been it could not have succeeded. The position is fallacious. If the launch of the attachment case was not void, and the action was susceptible of being carried on by the aid of amendments (as this point must be taken to admit), the attachment creditors were entitled to contest the whole claim of defendant in error, and it would be absurd to suppose they could be ruled out by an assumption that the mortgage was of force to enable him to build up rights on it against them.

If the attachment was void it could not be used as a basis of attack on title, and no such question as is suggested could arise.

The case depends upon the effect of the want of certainty in the description of the plaintiffs in the attachment papers. The oath was positive concerning the fact of indebtedness by A. Byron Smith to the "said Evans & Walker in the sum of one hundred and twenty-nine

dollars over and above all legal sets-offs" as near as might be, and as near as the affiant could estimate the same.

There was no radical and incurable defect, apart from the denomination of the plaintiffs, and there can be no doubt that the mode of their designation was erroneous. But the question is whether the proceedings were void in consequence, or on the other hand whether the error was such as could be cured upon some terms in the same case.

The objection is made in another suit, and not in that in which the error is found. It arises collaterally, and not in a proceeding to review the error. Moreover, the defect is not shown as one remaining in a concluded case, and where there has been no seasonable appeal to the power residing in the court to correct errors in pending actions. It appears as an error committed at the very beginning of the suit, and only three days before the commencement of this action in which it is stated as a ground of objection. If curable, this interval of three days cannot be assumed as sufficient time. The notice with the plea of the general issue in the present case was made two months and a half later, and as stated already the full names of Evans and Walker, the plaintiffs, were then set forth.

The briefs submitted assume that the papers designated nobody as plaintiffs except a firm under a firm name, and that as a firm name may or may not be composed of the names of any of the partners, the common law will not allow it to be used in process where the partners sue or are sued. It must be admitted that the common law requires that the process shall state with certainty who are the parties, and does not sanction the use of a copartnership name, or generally allow anything else than the Christian and surnames of the suitors, and it must also be admitted that the common law is so far the law of the circuit court. The case is different in justices' courts. Comp. L., §§ 5306–7–8.

The claim that the papers only described a firm, and in no manner the individuals suing, cannot be admitted. Taken as a whole the description has several badges of identity. *First*, the plaintiffs are said to be "Evans & Walker;" *second*, they are described as being copartners; *third*, they are declared to be doing business under the firm name of "Evans & Walker;" *fourth*, their place of firm business is declared to be at Detroit; *fifth*, they are mentioned as being clients of the affiant, and as having a claim against A. Byron Smith of one hundred and twenty-nine dollars. All that is wanting is the Christian names of Evans and Walker. Without them, however, there are sufficient particulars to point out the persons intended with more certainty, in fact, than is found in many cases where the full names of the individuals are given.

If the writ had been brought by John Smith and John Brown, of the City of New York, it will be admitted that no objection for want of certainty could have been urged, and it seems almost an affront to common sense to turn round and contend that the designation of plaintiffs in the attachment in question was so very uncertain that the writ should be held void.

It is satisfactory to find that the weight of authority requires nothing so absurd. Even in cases where a firm name has alone been stated, amendment has been allowed to cure the defect. In *Bentley v. Smith*, 3 Caines, 170, the question came up on demurrer, and an amendment was allowed on payment of costs.

And in Virginia the court has gone to the extent of holding that a declaration by a firm in the firm name, and not disclosing the names of the partners, is good after verdict in favor of the plaintiff, on the general issue. *Pate v. Bacon*, 6 Munf., 219; *Totty v. Donald*, 4 Munf., 430; *Barnett v. Watson*, 1 Wash. (Va.), 372.

In *Brace v. Benson*, 10 Wend., 214, the justice, on the return day of a summons running against Joseph S. Keeler, as written, amended the process on motion of

the plaintiffs by striking out Joseph, and inserting the name Jasper, and the supreme court decided that the amendment was within the power of the justice, and rightly allowed.

*Johnson v. Huntington*, 13 Conn., 47, was an action of ejectment. The validity of the proceedings in an attachment case came up. Huntington had given a note to three Misses White. One of them being dead when the suit was commenced, the attorney joined as plaintiffs in the attachment the two survivors and the executor of the deceased. The county court, on motion, allowed the name of the executor to be stricken from the writ, and the supreme court decided that the amendment was correct, and that it did not vitiate the proceedings as against third persons. See also *Tobey v. Claflin*, 3 Sumn., 379.

The right to cure errors by amendment whilst the proceedings are in progress, and even in respect to the names of parties, has been liberally expounded in this court. In *Final v. Backus*, when the summons described the plaintiff as "Absolem Baxter" instead of "Absalom Backus," an amendment by the court below correcting the error was sustained. 18 Mich., 218.

In *Kimball & Austin Manufacturing Co. v. Vroman*, 35 Mich., 310, an amendment striking out Tomlinson's name and official character was sustained, and in *Merrill v. President and Trustees of the Village of Kalamazoo, as Commissioners of Highways*, id., 211, we were of opinion the suit should have been commenced by the president and trustees in their name of office as commissioners, and not in their name as a common council, but at the same time concluded the error might be cured by amendment.

This power to cure errors and irregularities by amendment is a useful one, if wisely exercised, and when no provision to the contrary is made it applies as fully to attachment suits as to others. *Tilton v. Cofield*, 93 U. S., 163. And the statute favors the opinion that no

discrimination in principle has been intended on the subject, and that the design has been that proceedings by attachment should, so far as consistent with the nature of the remedy and the particular provisions supplied by the Legislature, be subject to the same practice as other personal actions. Comp. L., § 6425.

If the writ in this case had been an ordinary summons in favor of Evans & Walker, it would be contrary to the spirit and import of our own recent decisions to hold that it was incurably bad and wholly void. We should deem it necessary to decide that the omission of the Christian names was not such a defect as necessarily and at once to destroy the process and put an end to the proceeding, but a defect remediable under the power of the court to correct errors in its proceedings during their progress. And we should also conclude that in case the proceeding while open, and at a stage permitting correction by amendment, should be brought into question collaterally, it would not be competent to reject it as void on account of the defect. It appears to the court that the same rule is applicable to the proceeding by attachment.

The case of *Smith v. Canfield*, 8 Mich., 493, is supposed to decide differently. The action was replevin. The writ gave a firm name, and nothing more, to represent the plaintiff, and the affidavit named one person and the declaration was in the name of two. Judgment having passed for the plaintiff, this court reversed it on writ of error. In a short opinion Mr. Justice Manning observed that the writ was a nullity, as no person was named in it as plaintiff; and further that partners could not sue in the name of the firm. Of course the case was well decided.

The errors were conspicuous enough. Whether the writ was a nullity in a sense excluding all possibility of making anything valid out of it by admissions or amendment we need not inquire. It is evident the plaintiffs were in no manner distinguished and identified. It was

not a case of omission of Christian names merely, and a statement of other marks and signs to point out the persons, nor a case of setting aside the writ in a collateral inquiry immediately after its service. The case is not pertinent.

The judgment should be reversed with costs, and a new trial granted.

The other Justices concurred.