## OBED B. MORSE vs. CHAUNCEY W. BARROWS.

## July 20, 1887.

Justice of Peace—Practice—Misnomer—Correction.—In an action commenced by attachment before a justice of the peace, the justice, under Gen. St. 1878, c. 65, § 10, may, upon a plea in abatement for misnomer of the defendant, order the process and proceedings corrected by inserting the true name. To justify that, it is not necessary that the process should state that the defendant's true name is unknown.

Appeal by plaintiff from an order of the district court for Mower county, *Farmer*, J., presiding, dismissing an appeal by plaintiff from a judgment rendered in a justice's court, upon the ground that the court did not have jurisdiction of the person of the defendant.

*Burdett Thayer*, for appellant.

*J. D. Farmer & Co.*, for respondent, cited *Atwood* v. *Landis*, 22 Minn. 558; *Lyons* v. *Rafferty*, 30 Minn. 526; *Elliott* v. *Hart*, 7 How. Pr. 25; *Crandall* v. *Beach*, 7 How. Pr. 271; *Mann* v. *Carley*, 4 Cow. 148; *Gardner* v. *Clark*, 21 N. Y. 399; *Freeman* v. *Carpenter*, 17 Wis. 126.

GILFILLAN, C. J.[1]    Plaintiff commenced, before a justice of the peace, an action by attachment against the defendant, by the name of Jacob Barrows. No question is made that the process was in fact served on the defendant. On the return-day of the writ, he appeared specially before the justice, and filed a plea in abatement showing his true name to be Chauncey W. Barrows. Plaintiff thereupon filed an affidavit stating that, when he applied for the writ, he did not know defendant's true name, and inserted in his affidavit the name "Jacob Barrows" as an assumed or fictitious name; and he asked that the process be corrected by striking out the name "Jacob," and inserting "Chauncey W." The justice granted this motion, to which defendant excepted. The cause was transferred to another justice, who, after a trial, rendered judgment for the defendant. Plaintiff appealed, on questions of fact, to the district court. There defendant

[1] Berry, J., because of illness, took no part in the case.

moved that the action be dismissed on the ground that the justice did not have jurisdiction either of the person of defendant or of the subject-matter; and the district court dismissed the action. The objection to the jurisdiction over the person is based on the name being wrong in the writ.

With the defendant before him for the purpose, the justice had authority to correct the error by causing the true name to be inserted in the writ, (Gen. St. 1878, c. 65, § 10,) and, the defendant having appeared before the justice to plead the misnomer, he was there for the purpose of whatever it was proper for the justice to do by reason thereof for the purpose of correcting the error, as the justice was authorized to do when the true name was discovered. The case is different from Atwood v. Landis, 22 Minn. 558; for in that case the defendant was brought in by an order to show cause after judgment rendered, not for the purpose of merely correcting an error and giving the parties an opportunity to try the claim alleged in the complaint, but to render valid a void judgment by inserting the true name in the summons and all subsequent proceedings, including the judgment. Of course, the correction cannot be made at such a time, or in such a way, as to give the defendant any less opportunity to defend than he would have had if the writ had been correct in the first instance. In this case he had the same opportunity, after the correction, that he would have had if the right name had been in the writ originally; and it was proper for the justice to make the correction.

The respondent insists that, if plaintiff in fact sued by a fictitious name, he should have so stated in his affidavit, and the writ should have shown that the action was commenced against a defendant whose true name was unknown. That is undoubtedly the better practice, but we do not think it is essential in such cases. We do not see any want of jurisdiction in the justice over the subject-matter. The cause of action was clearly one within the jurisdiction of a justice of the peace. The objection that it was one on which an action could not be commenced by attachment was not made before the justice, and the defendant, after the writ was corrected, answered and went to trial, thereby waiving that objection.

Order reversed.