(105 N. W. 93.)

---

W. J. MORGRIDGE AND F. E. MERRICK, COPARTNERS AS MORGRIDGE & MERRICK, v. JACOB STOEFFER.

Opinion filed October 2, 1905.

**Justice of the Peace — Summons — Amendment.**

1. A summons in justice court, which contained a partnership name without showing the Christian name of each partner, is not a nullity, but is merely irregular, and may be cured by amendment.

**Dismissal — Irregularity in Practice.**

2. An action should not be dismissed for a mere irregularity of practice which can be remedied by amendment without prejudice to the substantial rights of the parties.

**Mistakes in Pleading or Process May Be Amended in Justice Court.**

3. The provisions of section 5297, Rev. Codes 1899, relating to the correction of mistakes in pleading, process or proceeding, is applicable to justice court.

Appeal from District Court, Ramsey county; *Cowan*, J.

Action by W. J. Morgridge and F. E. Merrick against Jacob Stoeffer. Judgment for defendant, and plaintiffs appeal.

Reversed.

*Gooler & Goer,* for appellants.

Where a defendant fails to plead by demurrer or answer the want of legal capacity to sue, he waives it. McFall v. Buckeye Grangers' Warehouse Assn. et al., 122 Cal. 468, 55 Pac. 253, 68 Am. St. Rep. 47.

Defendant could not take advantage of the defect—suing in partnership name—by motion to dismiss upon a special appearance; it must be done by plea, and if amendment is offered it should be granted. 1 Wait's Pr. 491; Talcott v. Rosenborg, 8 Abb. Prac. 287; Bank v. Magee et al., 20 N. Y. 355; Barber v. Smith, 1 N. W. 992; Hawkeye First National Bank v. Noel, 94 Mo. App. 498; Sims v. Jacobson, 51 Ala. 186; DeLeon v. Heller, 77 Ga. 740; Bannerman v. Quackenbush, 11 Daly (N. Y.) 529; Clayburg v. Ford, 3 Ill. App. 543; Lewis v. Locke, 41 Vt. 11; Dixon v. Dixon, 19 Iowa, 512; Hoges v. Kimball, 49 Iowa, 577; Stuart v. Corning, 23 Conn. 105; Vol. 1, Enc. Pl. & Pr. p. 541, note 3; Van Brunt & Davis v. Harrigan et al., 65 N. W. 421; Karpen v. Keippen, 52 Am. St. Rep. 604; Fisher v. Northrup, 44 N. W. 610

Defect in title of case is not fatal, but may be amended. Morse v. Barrows, 33 N. W. 706; Bradley v. Sandilands, 61 Am. St. Rep. 386; Gans v. Beasley et al., 59 N. W. 714.

The provisions relating to amendment are similar in New York and in this state, both as to justice courts and courts of record. The power of amendment, both as to pleading and process, can be exercised by either of such courts. Lapham v. Rice, 55 N. Y. 472; Ackley v. Tarbox et al., 31 N. Y. 564; Lowe v. Rommell, 5 Daly (N. Y.) 17.

*Burke & Middaugh,* for respondent.

Justice summons must be issued with no blanks to be filled; otherwise it is void. Seurer v. Horst, 18 N. W. 283.

Judgment cannot be supported where declaration is against a partnership by its firm name. Reade v. McLeod, 20 Ala. 576.

Suit brought in firm name will be dismissed upon motion. Weiss et al. v. Davey et al., 44 N. W. 470; Hayes v. Lanier, 3 Black. 322; Hughes v. Walker, 4 Black. 51; Van Brunt & Davis v. Harrigan et al., 65 N. W. 421; Reedy v. Howard, 76 N. W. 304; Gans v. Beas-

ley et al., 4 N. D. 140, 59 N. W. 714. Section 5297, Rev. Codes 1899, is not applicable to justice courts. Section 6225 is a limit upon the applicability of the Code of Civil Procedure, particularly the power of amendment as limited by section 6666. Richmire v. Andrews & Gage El. Co., 11 N. D. 453, 92 N. W. 819.

ENGERUD, J. The plaintiffs, M. J. Morgridge and F. E. Merrick, who are partners doing business in the firm name of Morgridge and Merrick, commenced this action in justice court. The partnership name only appeared in the summons, without showing the christian names of each of the two partners. The defendant appeared specially on the return day of the summons, and moved to dismiss the action on the ground that the summons failed to set forth the names of the individuals composing the plaintiff firm. The justice denied the motion. The defendant excepted to the ruling, and, so far as the record discloses, took no further part in the proceedings. After denying defendant's motion to dismiss, the justice permitted the summons to be amended by inserting the christian names and surnames of the two partners, and a complaint in proper form was also filed. Judgment was thereupon entered for the plaintiffs. The defendant appealed to the district court on question of law only. The district court held that the justice erred in overruling defendant's motion, and directed judgment to be entered setting aside the justice's judgment and dismissing the action. The plaintiff thereupon appealed from the judgment of the district court.

Defendant's contention is that the use of the partnership's name to designate the plaintiffs in the summons was a fatal irregularity, equivalent to an entire omission of the name of any plaintiff, and hence the summons was a nullity. It is true that the use of the partnership name as the only designation of plaintiffs was irregular. The summons was not, however, a nullity for that reason. The partnership name furnished the means of identifying the plaintiffs, and it cannot therefore be said that the firm name was the same as no name. It was merely an irregularity which could be waived by the defendant, if he failed to object, and could be cured by amendment. Enc. Pl. & Pr. vol. 15, p. 841, and notes; Bank v. Magee, 20 N. Y. 355; Barber v. Smith, 41 Mich. 138, 1 N. W. 992; Johnson v. Smith, Morris (Iowa) 106.

The defendant was entitled to have the record disclose on its face the names of all the persons who composed the plaintiff firm.

He was not, however, entitled to a dismissal of the action, unless the plaintiffs failed or declined to make the necessary amendment. It is provided by the Code of Civil Procedure (Rev. Codes 1899, section 5297) that any pleading, process or proceeding may be amended "by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect." It is contrary to the policy of the Code of Civil Procedure to dismiss an action for mere irregularities of practice which can be remedied by amendment without prejudice to the substantial rights of the parties. It cannot be pretended that the amendment allowed by the justice in this case could prejudice defendant's rights in the slightest degree. The provisions of the Code of Civil Procedure govern the proceedings in justice court as far as applicable, when the mode of procedure is not prescribed by the Justice Code. Rev. Codes 1899, section 6625. There is nothing in the latter Code inconsistent with the observance by a justice of the provisions of section 5297.

We attach no importance to the fact recited in the abstract that the defendant withdrew after the denial of his motion and before the amendment. If we regard defendant's motion merely as an objection to the jurisdiction, it was properly overruled, and that was evidently defendant's contention, as he appeared specially only for the purpose of the motion, thereby denying the jurisdiction of the court. If we disregard the special appearance and treat the motion as a general appearance, the motion was likewise properly denied, because, as we have already shown, the defendant was not entitled to an unconditional dismissal. The justice properly granted permission to amend, and, although it would have been better practice to direct the amendment and withhold the denial of the motion until after the amendment was made, the course pursued, as shown by the docket, accomplished the same result. The defendant could not, by withdrawing from the case in the midst of the hearing, immediately after the adverse ruling, deprive the court of jurisdiction to proceed therewith, and by subsequent orders remove any vice in the ruling complained of.

The judgment of the district court is reversed, and that court will enter judgment for the plaintiffs, affirming the justice's judgment, and for the recovery of plaintiff's taxable costs and disbursements. All concur.

## ON PETITION FOR REHEARING.

ENGERUD, J.   The respondent has filed a petition for rehearing, urging that the court, in rendering the foregoing opinion, was in error when it said that there is nothing in the Justice Code inconsistent with the observance by a justice of the provisions of section 5297.   It is claimed that section 6666, relating to amendments in justice court, and which provides that "either party may be allowed to amend his pleadings at any time," etc., confers all the power possessed by a justice in respect to amendments of any kind, and excludes any other power than that expressly conferred.   It is urged that the section last mentioned must receive this construction, and therefore renders section 5297 inapplicable in justice court, because section 6625 declares that the provisions of the Code of Civil Procedure are applicable in justice court only "when the mode of procedure is not prescribed by this [Justice] Code, but the powers of justice's courts are only as herein prescribed."   The argument is that section 6666 both confers the power of amendment and prescribes the mode of procedure, and hence for both reasons the rule with respect to amendments in district court are inapplicable in justice court.

We did not, in deciding this case, overlook any of these statutory provisions upon which counsel relies in the petition for rehearing.   It seemed very clear to us that section 6666 did not bear the construction urged by counsel, and we did not deem it necessary to refer to it.   We take this occasion, however, to state the reasons for our conclusion.   The power to amend pleadings or process, where there is no jurisdictional defect, is inherent in the courts.   It is a necessary incident of judicial power, and exists independently of statute.   Volume 1, Enc. Pl. & Pr. p. 508, and cases there cited.   This is as true of a justice court as of a court of general jurisdiction.   It is therefore apparent that neither section 6666 nor section 5297 are statutes creating or conferring power to amend. They are merely declaratory of an existing power, and enjoin upon the courts a more liberal rule for the exercise of the power than that which generally prevailed in the absence of such statutes. Such being the nature of the statute, it is clear that it is not within the rule of construction which generally applies to statutes creating a remedy or conferring a power that the mention of one thing excludes all others not mentioned.   Hence the fact that the section recognizes and to some extent regulates the right of a justice with

respect to amendments of pleadings does not require us to hold that it impliedly denies the right to amend in other respects. We cannot think that the legislature intended to deprive a justice court of its inherent power to amend irregularities of procedure—a power so peculiarly essential in that court, where the proceedings are often conducted by persons not learned in the law. New York has the same statutory provisions as those we have been discussing. See Bliss, Ann. Code N. Y. sections 2944, 723. The decisions of that state support the views herein expressed. Ackley v. Tarbox, 31 N. Y. 564; Lapham v. Rice, 55 N. Y. 472.

The ruling of this court in Richmire v. Andrews, 11 N. D. 453, 92 N. W. 819, that the provisions of the Code of Civil Procedure, requiring notices to be served upon the attorney of the adverse party, did not apply to the service of the notice of appeal from a justice's judgment, is not in conflict with the present decision. In that case the court was dealing with a statute which not only created the right of appeal, but prescribed the mode of procedure for exercising that right, and for that reason held that the provision of the Code of Civil Procedure did not apply.