## RED RIVER VALLEY COTTON CO., *Inc.,* v. J. W. STALCUP MERCANTILE CO.

No. 3312.    Opinion Filed November 25, 1913.

(136 Pac. 1115.)

1. **JUSTICES OF THE PEACE—Process—Amendments.** A summons in a justice court against a partnership, which does not show the individual name of each partner, is not a nullity, but is merely irregular, and may be cured by amendment.

2. **SAME—Appeal—Appearance—Waiver of Defects in Process.** In an action against a partnership in the firm name alone, where the pleadings show the individual names composing the firm, although the individuals are not personally served with summons, but voluntarily appear and join in a demurrer to the bill of particulars, on the ground that no cause of action is stated and that no one has been sued in the action, **held,** it is error to sustain such demurrer.

3. **PARTNERSHIP—Definition and Nature.** Though a ''partnership'' is not a person, it is a legal entity under Rev. Laws 1910, secs. 4431-4474, and for some purposes is recognized as a quasi person having the powers and functions exercisable by one of the partners severally or all of them jointly. It may be a debtor or a creditor within the meaning of the statute.

(Syllabus by Galbraith, C.)

*Error from County Court, Hughes County;*
*H. H. Rogers, Special Judge.*

Action by the Red River Valley Cotton Company, Incorporated, against the J. W. Stalcup Mercantile Company, a partnership, to recover an excess paid on cotton sold and delivered. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*J. M. Crook,* for plaintiff in error.

*Crump & Skinner* and *Walker & Fancher,* for defendant in error.

Opinion by GALBRAITH, C.   The Red River Valley Cotton Company, a corporation, sued J. W. Stalcup Mercantile Company, a partnership, before a justice of the peace in Hughes

county, to recover $141.17 for money paid by mistake on certain cotton sold and delivered. From a judgment in favor of the plaintiff, the defendant appealed to the county court, where a trial was had resulting in a judgment for the defendant. A new trial was granted, but on a showing the county judge disqualified himself, and by agreement of parties Harry H. Rogers, a member of the bar of Hughes county, qualified as special judge to try said cause. The plaintiff amended its pleadings in the county court, and increased the amount of its claim to $200. The cause was called for trial, and, after the witnesses had been sworn and the plaintiff had commenced the examination of its first witness, objection was made by the defendant to the introduction of further testimony on the ground that no one had been sued by the plaintiff. Whereupon, by permission of the court, the plaintiff was permitted to amend its bill of particulars by interlineation, alleging that "J. W. Stalcup Mercantile Company is a firm composed of J. W. Stalcup and Mollie Everidge." Whereupon a demurrer was interposed to the last amended petition upon the ground that said amended petition does not state a good and sufficient cause of action against J. W. Stalcup and Mollie Everidge, which was sustained; the court saying that in his opinion "this action cannot be maintained against J. W. Stalcup and Mollie Everidge for the reason that it would be an entirely new cause of action and have to be brought in a separate and distinct suit, and for the further reason that no summons was ever issued or served in this cause upon J. W. Stalcup and Mollie Everidge," and thereupon dismissed the suit and rendered judgment against the plaintiff for costs. To which action of the court the plaintiff excepted, and prosecutes an appeal to this court by petition in error and transcript.

From the foregoing statement it will appear that there is only one assignment of error presented on this appeal. The court below doubtless proceeded upon the theory that a partnership is not a separate and distinct legal entity apart from the individuals composing the firm. Under the common law this view was correct, but under the statute such as articles 1 and 2 of chapter 56, Rev. Laws 1910, a partnership is regarded as a legal entity

apart from the individuals composing it.   This view is well ex-
pressed by the Supreme Court of Georgia in the first paragraph
of the syllabus in *Drucker & Brothers v. Wellhouse & Sons,* 82
Ga. 129, 8 S. E. 40, 2 L. R. A. 328, as follows:

"Though a firm or partnership is not a person, it. is a legal
entity, and for some purposes is recognized as a quasi person
having powers and functions exercisable by one of the partners
severally or all of them jointly.   It may be a debtor or a creditor
within the meaning of a statutory enactment."

Plaintiff in its bill of particulars filed in the justice court
made the J. W. Stalcup Mercantile Company, a firm composed
of J. W. Stalcup and Mollie Everidge, defendant, and the sum-
mons issued therein "commanded to summons J. W. Stalcup Mer-
cantile Company, a firm composed of J. W. Stalcup and Mollie
Everidge," to appear and answer and was served upon "J. W.
Stalcup of the J. W. Stalcup Mercantile Company."   It appears,
however, that J. W. Stalcup appeared in said cause and filed an
affidavit for continuance, and that on appeal to the county court
also filed an affidavit of prejudice of the regular county judge
against him as a defendant in said cause, and that J. W. Stalcup
and Mollie Everidge, members of the partnership composing the
firm of J. W. Stalcup Mercantile Company, appeared in the coun-
ty court and urged the demurrer against the plaintiff's bill of
particulars on jurisdictional as well as nonjurisdictional grounds.
From these facts it appears that they were in court just as ef-
fectively and just as completely as if they had been regularly
summoned, and the trial court should have so treated them.

In the case of *Morse v. Barrows,* 37 Minn. 239, 33 N. W.
706, the defendant was sued and summoned as Jacob Barrows,
while his true name was Chauncey W. Barrows.   On the return
day of the writ the defendant appeared specially and filed a plea
of abatement showing his true name, and prayed a dismissal of
the action.   His plea was denied, and the plaintiff was permitted
to amend his pleadings and correct the process by striking out
the name of "Jacob" and inserting "Chauncey W."   The Su-
preme Court of Minnesota said, in approving this action:

"With the defendant before him for the purpose, the justice
had authority to correct the error by causing the true name to

be inserted in the writ (section 10, c. 65, Gen. St. 1878) ; and, the defendant having appeared before the justice to plead the misnomer, he was there for the purpose of whatever it was proper for the justice to do by reason thereof ; for the purpose of correcting the error, as the justice was authorized to do when the true name was discovered."

In *Bank v. Magee,* 20 N. Y. 355, it seems that Charles Cook was engaged in the banking business under the name of the "Bank of Havana," and commenced a suit in that name, and upon objection it was held that the error in bringing the suit in the name he had assumed for the transaction of his banking business was an error that might be corrected before or after judgment in furtherance of justice, and Judge Comstock said:

"Mr. Cook has simply misnamed himself. He has taken the name which he uses in a particular business, and, quite irregularly, has introduced himself to the courts by that name. This he should have not done. He ought to have sued in the surname   *   *   * and the Christian name given in baptism, but I consider this a mere irregularity in procedure."

The statute (section 4790, Rev. Laws 1910) is broad and liberal in its terms in permitting amendment in pleadings or process in the interest of justice, and the only particular limitation placed upon this power vested in the court is that the amendment should not substantially change the cause of action or defense. North Dakota has a statute identical with this, and in a case very similar to the case at bar the court said:

"Defendant's contention is that the use of the partnership's name to designate the plaintiffs in the summons was a fatal irregularity, equivalent to an entire omission of the name of any plaintiff, and hence the summons was a nullity. It is true that the use of the partnership name as the only designation of plaintiffs was irregular. The summons was not, however, a nullity for that reason. The partnership name furnished the means of identifying the plaintiffs, and it cannot therefore be said that the firm name was the same as no name. It was merely an irregularity which could be waived by the defendant, if he failed to object, and could be cured by amendment. Encl. P. & Pr. vol. 15, p. 841, and notes; *Bank v. Magee,* 20 N. Y. 355; *Barber v. Smith,* 41 Mich. 138, 1 N. W. 992; *Johnson v. Smith,* Morris (Iowa) 106. The defendant was entitled to have the record disclose on its face the names of all the persons who composed the

plaintiff firm. He was not, however, entitled to a dismissal of the action, unless the plaintiffs failed or declined to make the necessary amendment. It is provided by the Code of Civil Procedure (Rev. Codes 1899, sec. 5297) that any pleading, process, or proceeding may be amended 'by adding or striking out the name of any party; or by correcting a mistake in the name of a party, or a mistake in any other respect.' It is contrary to the policy of the Code of Civil Procedure to dismiss an action for mere irregularities of practice which can be remedied by amendment without prejudice to the substantial rights of the parties. It cannot be pretended that the amendment allowed by the justice in this case would prejudice defendant's rights in the slightest degree. The provisions of the Code of Civil Procedure govern the proceedings in justice court so far as applicable, when the mode of procedure is not prescribed by the Justice Code. Rev. Code 1899, sec. 6625. There is nothing in the latter Code inconsistent with the observance by a justice of the provisions of section 5297." (*W. F. Morgridge and F. E. Merric, etc., v. Jacob Stoeffer*, 14 N. D. 430, at 432, 433, 104 N. W. 1112, 1113.)

Again, in 4 N. D. 140, 59 N. W. 714, in the case of *Gans v. Beasley*, the first paragraph of the syllabus is as follows:

"A summons, otherwise in due form, in which the defendants are designated only by their firm name, is irregular, but not absolutely void, and may be amended in the trial court so as to show the names of the partners. Such a summons, when issued, is sufficient to sustain an attachment."

Mr. Justice Hayes, in referring to the above cases, said:

"The reasoning and rule of these cases as to summons at the commencement of an action are equally applicable to a summons issued at the commencement of a proceeding in error. We should overrule the motion to dismiss and grant plaintiff in error leave to amend the summons in error by inserting therein the names of the individuals composing the partnership, if we were not compelled to sustain the motion upon other grounds." (*Springfield Fire & Marine Ins. Co. v. Gish, Brook & Co.*, 23 Okla. 833, 102 Pac. 712.)

It was error in the trial court to sustain the demurrer to the amended petition, since the defendants were in court voluntarily, although they had not been regularly summoned, and the court had jurisdiction of their persons, and he should have overruled the demurrer, permitted the amendment requested by the plaintiff, and proceeded with the trial of the cause on its merits.

On account of these errors, the judgment appealed from should be reversed, and the cause remanded for further proceedings not inconsistent with the views above set out.

By the Court: It is so ordered.