J. V. BALDWIN & SON, Respondent, v. E. L. CAFLISCH, Appellant.

Fourth Department, March 27, 1918.

Partnership — action must be brought in names of individual partners — action in partnership name — failure to ask amendment at trial.

An action brought by a partnership must be prosecuted in the individual names of the partners; the suit cannot be brought in the partnership name.

Where a partnership sues in its partnership name the defect may be cured by amendment at any time during trial, but if such amendment is not asked for the defect requires a reversal of the judgment for the plaintiff.

APPEAL by the defendant, E. L. Caflisch, from a judgment of the County Court of Chautauqua county, entered in the office of the clerk of said county on the 19th day of October, 1917, affirming a judgment of a Justice's Court in plaintiff's favor in the sum of thirty-six dollars and five cents.

*Freeman L. Morris* [*John S. Leonard* of counsel], for the appellant.

*Harry M. Young,* for the respondent.

KRUSE, P. J.:

The plaintiffs seem to have a meritorious claim against the defendant but they brought suit against him in their partnership name. The action should have been prosecuted in the individual names of the partners. There was no allegation in the complaint of a partnership, but that objection was taken in the answer and upon the trial and the evidence conclusively shows that there was such a partnership composed of father and son. I have no doubt that the justice of the peace had power when attention was called to the defect, or at any time during the trial, to cure the defect by amendment. (Code Civ. Proc. § 723; *Bank of Havana* v. *Magee,* 20 N. Y. 355.) Such has been the practice by the courts of other States. (*Morgridge & Merrick* v. *Stoeffer,* 14 N. D. 430; *Lewis* v. *Locke,* 41 Vt. 11; *Red River Valley Cotton Co.* v. *Stalcup Mercantile Co.,* 41 Okla. 34; *Barber* v. *Smith,* 41

Mich. 138; 1 N. W. Rep. 992; *Spaulding Mfg. Co.* v. *Godbold,* 92 Ark. 63; 29 L. R. A. [N. S.] 282, note, 284.) But no such amendment was made or asked and the objection was disregarded. The defect not having been waived or cured compels a reversal.

The judgment of the Justice's Court and County Court should be reversed, with costs.

All concurred; LAMBERT, J., not sitting.

Judgment of County Court and judgment of Justice's Court reversed, with costs in all courts to the appellant.