## PITTSBURG UNITED CORPORATION v. BEELER et al.

No. 22555. Sept. 11, 1934.

Rehearing Denied Oct. 16, 1934.

G. F. Womack and J. H. Foster for plaintiff in error.

Jones & Clift, for defendants in error.

PER CURIAM. Defendants in error, as plaintiffs below, brought this action alleging that the defendants Fitzgerald & Laird and the Pittsburg United Corporation, which corporation was then operating under the name of Oil Well Supply Company, were partners and indebted to them in the sum of $271.33, with interest thereon at the rate of six (6) per cent. per annum from the 7th day of September, 1927, until paid. The plaintiff in error denied the allegations of the petition. The trial was had, which resulted in a judgment for plaintiff for the amount sued for against all defendants, and from this judgment, the Pittsubrg United Corporation prosecutes this appeal.

The only question presented is: Were the parties partners as is alleged in the petition?

It is undenied that the labor done and the parts furnished were used upon a car which was the property of Fitzgerald & Laird, and that the account was incurred after the completion of the drilling operations contemplated in the contract between Fitzgerald & Laird, which contract is hereinafter set out in full.

To sustain the allegations of partnership and, consequently, of liability upon the defendant Oil Well Supply Company, now doing business as the Pittsburg United Corporation, plaintiffs in the court below introduced in evidence a contract between the defendants in the court below, which is as follows:

"This agreement made and entered into on this 16th day of March, 1926, by and between Oil Well Supply Company, a corporation, with an office and place of business at Duncan, Okla., hereinafter styled party of the first part, and O. T. Fitzgerald and Fred Laird, who reside in Duncan, Okla., and who are engaged as partners in the business of drilling oil wells under the firm name of Fitzgerald & Laird, hereinafter styled parties of the second part.

"Witnesseth: That, whereas, parties of

the second part are indebted to party of the first part in approximately the sum of $38,000, which indebtedness is past due and which parties of the second part are unable to pay; and,

"Whereas, parties of the second part desire an extension of said indebtedness and desire to reduce same as rapidly as possible with returns from income from the operations of three certain rotary drilling rigs now owned by the parties of the second part; and,

"Whereas, party of the first part is willing to grant an extension of said indebtedness to said parties of the second part, upon the terms and conditions hereinafter set out.

"Now therefore, in consideration of the sum of ten dollars ($10), to each of the parties of the second part in had (sic) by the party of the first part, receipt of which is hereby acknowledged, parties of the second part agree with the party of the first part that they will, during a period of four months from this date, continue such contracts as they now have for the operations of their said rigs and obtain such other contracts as they deem profitable, said contracts to be taken in the name of Fitzgerald & Laird, and with full knowledge on the part of the party of the first part after full information concerning said contract or contracts has been furnished to W. P. Pounds, the manager of the store of the first part now located at Duncan, Okla., or his successor.

"It is also agreed by the parties of the second part that all expenditures of every kind and character in the operation of said rigs during said period shall be with the understanding and approval of the said W. P. Pounds, or his successor, who shall have control of the books of said partnership and who shall be furnished a complete monthly report of the results of all operations of the said parties of the second part, showing profit and loss on their said contracts and parties of the second part further agree to give to the said W. P. Pounds or his successor a full report showing the receipts and disbursements from each well drilled by said parties of the second part, and also agree to furnish to said Pounds or his successor a complete report of the audit now being made immediately after the completion of same, said report to show clearly the interest of each partner in said business and the status of same.

"It is further agreed by and between the parties thereto that out of the monies received from the contracts now obtained and to be obtained during said period by said parties of the second part, that each of said parties of the second part shall draw a salary of three hundred dollars, ($300) per month, beginning March 15, 1926; that necessary automobile expenses shall also be handled as an expense of said business and shall be chargeable to said funds to be received and be paid out of same, all as is herein provided.

"It is further specifically agreed by the parties of the second part that the _____ Bank in the city of Duncan, Okla., be and the same is named as depository during said period for all funds received and to be received during said period by said copartnership, that said funds be deposited in said bank immediately upon receipt of same by said copartnership, or either of the members thereof to a special account to be designated by said bank, said funds to be used first to the payment of necessary expenses of operation of said rigs, and to the salaries, all to be approved as is herein stated by W. P. Pounds, or his successor, it being distinctly agreed and understood and made a part of this contract that none of the monies so deposited in said bank shall be checked out or obtained therefrom in any manner other than upon the signature or counter signature of W. P. Pounds, or his successor.

"It is further agreed by and between all parties hereto that after the payment of the necessary expenses herein named that the balance of said monies so obtained by said partnership be paid over to party of the first part on its said indebtedness at such times and upon such amounts as the business of the partnership shall permit, said matter of the payment of said monies to said party of the first part to be determined by said W. P. Pounds, or his successor.

"It is further agreed by parties of the second part that this contract is intended to be and is an assignment of all monies obtained from said contracts now held by them and such contracts as they may obtain during said period, subject to the conditions herein set out and that the said W. P. Pounds or his successor may if in his judgment it becomes necessary deliver a copy of this contract and assignment to such parties as parties of the second part may have contracts with and demand the payment of such monies due and to become due to parties of the second part to party of the first part.

"It is further agreed by and between the parties that at the end of said four months period herein provided, said arrangement herein made may if satisfactory to both parties be extended for another period of four months.

"In witness whereof, the parties hereto

have set their hands, this the 16th day of March, 1926.

"Oil Well Supply Company
"By Geo. W. Hanson,
"Party of the First Part.

"Fitzgerald & Laird,
"By O. T. Fitzgerald,
"Fred Laird,
"Parties of the Second Part."

And upon this contract the trial court found as a matter of law the parties thereto were partners and both parties to said contract therefore liable for the account sued upon.

This was error as the contract does not constitute the parties thereto "partners". Red River Valley Cotton Co. v. J. W. Stalcup Mercantile Co., 41 Okla. 34, 136 P. 1115; Municipal Paving Co. v. Herring, 50 Okla. 470, 150 P. 1067; King v. Grant, 77 Okla. 105, 186 P. 960.

At the close of the plaintiff's evidence defendant Oil Well Supply Company, now Pittsburg United Corporation, interposed a demurrer to the evidence of plaintiff, which was overruled. This was error. Where there is no evidence introduced by plaintiff to sustain the allegations of partnership, a demurrer should have been sustained; for where there is no competent evidence on an issue essential to recovery by plaintiff, it is error to overrule defendant's demurrer to plaintiff's evidence. Cockrell v. Martin, 124 Okla. 284, 255 P. 1101; Black v. Wickett, 127 Okla. 53, 259 P. 642.

The cause is therefore reversed and remanded to the trial court, with directions to set aside its order overruling the demurrer to the evidence of the Oil Well Supply Company, now Pittsburg United Corporation, and enter its judgment sustaining same and dismissing plaintiffs' cause of action as to the defendant Pittsburg United Corporation.

The Supreme Court acknowledges the aid of Attorneys Cornelius Hardy, V. R. Biggers, and Frank L. Warren in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of the law and facts was prepared by Mr. Biggers, and approved by Mr. Hardy and Mr. Warren, the cause was assigned to a Justice of this court for examination and

report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.