AMELIA TRAVER, by A. BULL, Guardian, Respondent, v. THE EIGHTH AVENUE R. R. CO., Appellant.

*Appeal—Misnomer, no ground—Injury—Loss of Service, by whom recoverable.*

Under the Code of Procedure, the only way to take advantage of a misnomer is by answer. Where the answer omits to set up such misnomer, no advantage can be taken of it on trial.

A mere misnomer is only a formal error, and is amendable in the Court of original jurisdiction, and not entitled to notice in this Court.

Where a child under age is injured, &c., the parent may recover for loss of service until the child attains the age of twenty-one years; and if the injury continue beyond the period of legal majority, the child may recover for such further loss.

This action was brought by the Plaintiff, in her maiden name, to recover damages of the Defendant for an injury alleged to have been caused by the carelessness of the Defendant's servants while the Plaintiff was a passenger upon one of its cars. After the injury was received, and before the commencement of this action, the Plaintiff intermarried with one Collins.

The Plaintiff was about eighteen years old at the time of the injury, and but a few months past twenty-one at the time of the trial.

Upon the trial, evidence was received as to how much the Plaintiff could earn per week prior to the injury, and that some money had been expended in taking care of her the last year preceding the trial, to which the Defendant's counsel excepted.

The Defendant moved for a dismissal of the complaint upon the ground, among others, that the action was improperly brought in the maiden name of the Plaintiff, but should have been brought in the name acquired by marriage. The Court denied the motion, and Defendant's counsel excepted.

It appeared that an action had been previously brought by the Plaintiff's mother, and a recovery had for the loss of services of the Plaintiff, and the expense of taking care of her.

The Court charged the jury that nothing could be recovered for

these causes in the present action. The jury rendered a verdict in favor of the Plaintiff for twenty-five hundred dollars.

The Special Term of the Superior Court of New York denied a motion for a new trial. Judgment was entered on the verdict, which was affirmed, on appeal, by the General Term, from which the Defendant appealed to this Court.

*J. H. Reynolds* for Respondent.
*J. W. Ashmead* for Appellant.

GROVER, J.—Commencing the action in the maiden name of the Plaintiff, instead of that acquired by marriage, was a misnomer merely. There was no pretence but that the Plaintiff was the proper person to sue, and the only one that could maintain an action for the injury sought to be redressed. Under the practice prior to the Code, misnomer of either party could only be plead in abatement of the action (Graham's Pract. 2 v. and cases cited). Neglecting to interpose such plea waived any advantage to the Defendant therefrom. The mistake was amendable by the Court. The misnomer was not ground of nonsuit upon the trial. It was not like the case of bringing an action by the wrong party ; that was ground of nonsuit. By the Code, pleas in abatement are abolished (Code, §§ 142–151). The only mode of presenting such a defence is, under the Code, by answer. No such defence is set up in the answer in the present case. It was, therefore, unavailable upon trial. In the Bank of Havana v. Magee ( 20 N. Y. 355), it was held that although there was no such corporation, and that it was only a name assumed by Charles Cook for the transaction of his banking business, yet bringing the action by Cook in such name was but a mere formal error, amendable in the Courts of original jurisdiction, and to be disregarded in this Court.

This case goes much further than it is necessary to go in the present. In that case, upon the papers, it would appear that the action was brought by a corporation, and not by Charles Cook, while in the present the Plaintiff was the same, whether called by the maiden or married name.

The evidence of what the Plaintiff could earn before the injury was held by the judge not to be material, and the jury were instructed not to give any damages for loss of services, inasmuch as the Plaintiff's mother had previously recovered therefor. This direction would not have cured the error (if one was committed) in receiving the evidence, if that was such as was calculated to create a prejudice in the minds of the jury, and influence them in fixing the amount of damages, unless it appeared from the whole case that the jury were not so influenced (Erben *v.* Lorillard, 19 N. Y. 299). The evidence in the present case was not likely to influence the jury upon the question of damages, unless they were convinced that the injury of the Plaintiff was of a character to prevent her from attending to her business after she was twenty-one; and if so convinced, the evidence was proper for the consideration of the jury.

When a child under twenty-one is injured, the parent can recover for loss of service until the arrival of the child to that age, and, if the disability continues beyond that time, the child may recover for the loss. Upon this point the case was tried as favorably to the Defendant as the law required.

No claim for loss of service was made by the Plaintiff after she was twenty-one, and the jury were told that the mother had recovered for such loss up to that time. No ground of objection to the proof of what the expense of taking care of the Plaintiff had been, was stated. The exception to the proof does not, therefore, raise any question for the consideration of this Court.

The judgment appealed from must be affirmed.

All concur.

Affirmed.