JOSEPH S. BRYCE, Respondent, *v.* LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY, Appellant.

*Pleading — guaranty of railroad bonds by another company — demurrer on the ground of ultra vires, defeated by an averment of authority.*

The averment of a complaint, in an action brought to recover from a railroad company upon its guaranty of the bonds of another railroad company, that the indorsement of guaranty was made by the defendant "having authority so to do," is the allegation of a fact and not of a conclusion of law, and saves the complaint from demurrer on the ground that upon its face it does not state

facts sufficient to constitute a cause of action in that it discloses that the guaranty was *ultra vires.*

APPEAL by the defendant, the Louisville, New Albany and Chicago Railway Company, from an interlocutory judgment of the Supreme Court, overruling the defendant's demurrer to the plaintiff's complaint, entered in the office of the clerk of the city and county of New York on the 25th day of May, 1893, upon an order to that effect made by the court after a trial of the issue of law at the New York Special Term.

*E. D. Hawkins,* for the appellant.

*W. P. Chambers,* for the respondent.

VAN BRUNT, P. J.:

The complaint alleges the incorporation of the defendant under the laws of the State of Indiana and the incorporation of the Richmond, Nicholasville, Irvine and Beattyville Railroad Company, under the laws of Kentucky, and that theretofore the said last-named company duly made and executed, for value received, its negotiable coupon bond in writing bearing date the 1st day of July, 1889, whereby it promised to pay to the Central Trust Company or bearer, the sum of $1,000 with interest at six per cent payable semi-annually on the presentation and surrender of the coupons thereto annexed, and thereupon delivered said bond with the interest coupons thereto annexed to the Ohio Valley Improvement and Contract Company or to its order; that upon the execution of the bond the same was certified by the Central Trust Company as trustee; and that thereafter an instrument of guaranty of the payment of said bond and interest was indorsed on said bond by the defendant; and

" That said indorsement of guaranty was so made by defendant, having authority so to do, for value received, and the same was so made, executed and delivered under and in pursuance of the direction of its board of directors."

The complaint further alleged that said bond so certified and guaranteed as aforesaid was sold to him for the sum of $900 by the then president of the defendant, and " That on the 1st day of July, 1891, there became due for interest on said bond the sum of thirty

dollars; on the 1st day of January, 1892, the further sum of thirty dollars, and on the 1st day of July, 1892, the further sum of thirty dollars, for all of which sums coupons were annexed to said bond; * * * the said coupons were duly presented for surrender and payment * * * but said company refused and neglected to pay the same * * * that thereupon notice of such default was duly given to the defendant." The complaint also contained causes of action upon other similar bonds.

The defendant interposed a demurrer to the complaint upon the ground that upon its face the complaint does not state facts sufficient to constitute a cause of action.

This demurrer was overruled, and from the judgment thereupon entered this appeal is taken.

It is now urged in support of said appeal that the defendant had no power to guarantee the bonds of railway companies in other States, of which the plaintiff had presumptive notice, and that the defendant's alleged guaranty was for the accommodation of the railroad company executing the said bonds, and that the plaintiff was charged with notice by reason of the facts alleged with reference to the purchase of bonds. These grounds really result in the plea that the making of the guaranty was *ultra vires* of the defendant corporation.

Whatever may be the result upon the trial, it is clear that no such ground can be claimed here in view of the allegations contained in the complaint.

The averment is that this indorsement of guaranty was so made by the defendant having authority so to do, for value received, and the same was so made, executed and delivered under the direction of its board of directors.

It is urged that this allegation is a mere conclusion of law. But in this, we think, the learned counsel for the appellant is mistaken. It is the allegation of a conclusion of fact; and facts, not evidence, are to be alleged in a complaint. The question of authority is one of fact, although the existence of such fact may depend upon questions of law. As, for example, whether A. is the agent of B. is a question of fact. But whether certain facts constitute A. such agent may be a question of law. The existence of the agency, however, is nevertheless a question of fact.

It follows, therefore, that in view of the allegations of the complaint the demurrer is not well taken, and the judgment must be affirmed, with costs, and with leave to withdraw the demurrer and answer on payment of the costs and disbursements of the appeal and costs in the court below.

Follett and Parker, JJ., concurred.

Judgment affirmed, with costs, and with leave to withdraw the demurrer and answer on payment of costs and disbursements of the appeal and costs in the court below.