### FARRINGTON v. MUCHMORE.

(Supreme Court, Appellate Division, Second Department.   June 22, 1900.)

PROCESS—EX PARTE AMENDMENT.

A misnomer of plaintiff in a summons may be amended ex parte, and substituted service had thereof.

Appeal from special term, Kings county.

Action by George F. Farrington against Alice B. Muchmore, as administrator of the estate of Edward E. Muchmore, deceased.   From an order setting aside a summons and substituted service thereof (62 N. Y. Supp. 165), plaintiff appeals.   Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Ralph S. Rounds, for appellant.
William H. Shepard, for respondent.

WILLARD BARTLETT, J.   The true name of the plaintiff is Gilson F. Farrington.   His true name appeared in the title of the order for substituted service.   That order directed the service of a summons, "a copy of which is hereto annexed."   In the annexed copy of the summons the plaintiff's name was erroneously stated in the title as George F. Farrington.   On account of this mistake, upon the application of the defendant, through attorneys who appear for the purposes of the motion only, the court at special term has set aside the order for substituted service, and all subsequent proceedings in the action.   This determination, if upheld, will put an end to the plaintiff's case, as I understand the briefs, by reason of the fact that the statute of limitations will operate as a bar to the institution of another suit. The cases cited in the opinion below as authority for the proposition that the misnomer of the plaintiff in the summons could not be corrected ex parte are cases relating to the misnomer of defendants. Farnham v. Hildreth, 32 Barb. 277; Stuyvesant v. Weil, 41 App. Div. 551, 58 N. Y. Supp. 697.   There is a radical distinction between the two classes of cases.   Where reliance is placed upon substituted service to acquire jurisdiction, there can be no presumption that a defendant who is misnamed in the summons will have taken any

cognizance of the fact that it was designed to affect him in any way. Even if the summons comes to his notice, and is actually read by him, it will not tell him that he is the defendant intended. The name not being his own, he may safely and properly disregard the process, for the name is presumably that of another. Hence there is good reason for holding that the misnomer of a defendant in the summons cannot be corrected ex parte by amendment in the event of the defendant's failure to put in an appearance in the action. He has never received the notice, actual or constructive, that he has been sued, which is necessary to give the court jurisdiction to take any further steps whatever against him in the litigation. An entirely different condition of affairs is presented, however, when the misnomer in the summons relates to the plaintiff, as in the case at bar. When the order for substituted service has been carried out, the presumption then arises that notice of the suit has reached the person named as defendant. That person has been made aware that somebody has called him or her into court to answer a demand for relief. No harm is done to the correctly named defendant by the error in the name of the plaintiff. The purpose of the substituted service is accomplished by notifying the defendant of the action. Thus being put upon inquiry as to the claim, there is no reason why an amendment may not be allowed ex parte to correct the name of the plaintiff, if the defendant chooses not to appear in the action, and allows judgment to go by default. The amendment, under such circumstances as those which exist in the present case, would not involve the substitution of a different plaintiff from the person seeking to prosecute the claim, but would merely set right an obvious misnomer made manifest to the defendant herself by the very terms of the order for substituted service, a copy of which was required to be served upon her at the same time with the copy of the summons in which the mistake occurred. The learned judge at special term held not only that a misnomer of the plaintiff in the summons could not be corrected by amendment in the event of the defendant's nonappearance, but also that her only remedy was by motion; citing Bank v. Magee, 20 N. Y. 355, on the latter point. In that case one Charles Cook had sued in the name of the Bank of Havana as plaintiff, although there was in truth no such bank. Judge Comstock said that Mr. Cook should not have done this, but that he considered it a mere irregularity in procedure, which, in its nature, could not be the subject of demurrer or answer. "If the defendants felt themselves aggrieved by this irregularity," he added, "they should have moved to set aside the first proceeding in the suit for that cause." It does not appear that the other members of the court agreed with this view as to the remedy. In the much later case of Traver v. Railroad Co., *42 N. Y. 497, however, all the judges concurred in the opinion of Grover, J., where he dealt as follows with a misnomer of the plaintiff analogous to that in the case at bar:

"Commencing the action in the maiden name of the plaintiff, instead of that acquired by marriage, was a misnomer merely. There was no pretense but that the plaintiff was the proper person to sue, and the only one that could maintain an action for the injury sought to be redressed. Under the practice

65 N.Y.S.—28

prior to the Code, misnomer of either party could only be pleaded in abatement of the action. Grah. Pr. p. 20, and cases cited. Neglecting to interpose such plea waived any advantage to the defendant therefrom. The mistake was amendable by the court. The misnomer was not ground of nonsuit upon the trial. It was not like the case of bringing an action by the wrong party. That was ground of nonsuit. By the Code, pleas in abatement are abolished. Code, §§ 143–151. The only mode of presenting such a defense, under the Code, is by answer."

I think the motion of the defendant should have been denied, and the plaintiff permitted to correct the misnomer in the summons upon proper terms. If the plaintiff neglect to take advantage of this permission, the misnomer will be available to the defendant by answer, as held by the court of appeals in the Traver Case.

Order reversed, without costs, and with leave to plaintiff to apply at special term for permission to correct the misnomer in the summons. All concur.