THE SULTAN OF TURKEY, by DJELAL MUNIF BEY, His Consul-General at the Port of New York, Respondent, *v.* HAROUTYOUN TIRYAKIAN et al., as Executors of HOVHANNES S. TAVSHANJIAN, Deceased, Appellants.

Pleading — rule for construction of allegations of pleadings — action by foreign sovereign — sufficiency of averments that plaintiff is emperor of Turkey and entitled, under laws of that empire, to maintain such action.

1. Pleadings are not now to be strictly construed against the pleader, and averments which sufficiently point out the nature of the pleader's claim are sufficient if, under them, upon a trial of the

issues, he would be entitled to give all the necessary evidence to establish the claim.

2. It is settled law that a foreign sovereign or nation may sue in our courts in the name designating the sovereignty.

3. In this action, brought by the sultan of Turkey, the complaint alleges that a resident of the county of New York died leaving a last will, of which the defendants are executors, by which certain personal property was left to the decedent's mother, who thereafter died a resident and subject of Turkey without having received the legacy in question. The complaint further alleges "that the laws of Turkey provide that immediately upon the death of a subject of Turkey, *the legal title to the estate* of such deceased person *vests in the plaintiff* and that the Sheik-Ul-Islamat, which is *invested by the plaintiff* with the exclusive jurisdiction and power over the interpretation and administration of all laws pertaining to religion and domestic relations of the land, must assume physical control of all the property and estate of the said deceased person and *distribute it according to the Domestic Relations Law of Turkey,* which requires the heirs ·and other persons who may claim any part of such property and estate to appear before the court at the place where the said deceased person departed this life and prove their claims." The complaint further alleges that the plaintiff is the emperor of Turkey, and is recognized as such by the people of the Ottoman empire and all the nations and powers of the world, and also that the· plaintiff has demanded of said defendants payment of said legacy, but the defendants have refused to pay the same. Defendants demurred to the complaint upon the ground "that it does. not state facts sufficient to constitute a cause of action." *Held,* that the allegation of the complaint, that the legal title to the estate is vested in the plaintiff, is an allegation of the legal effect of laws, written or otherwise, of Turkey, and that the complaint states a cause of action on behalf of the plaintiff.

*Sultan of Turkey* v. *Tiryakian,* 162 App. Div. 613, affirmed.

(Argued November 10, 1914; decided January 12, 1915.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered May 29, 1914, which reversed an interlocutory judgment of Special Term sustaining a demurrer to the complaint and overruled said demurrer.

The defendants demurred to the plaintiff's complaint upon the ground "that it does not state facts sufficient

to constitute a cause of action." The Appellate Division has certified that in its opinion a question of law is involved which ought to be reviewed by this court. The question certified is: "Does the complaint state facts sufficient to constitute a cause of action?"

The nature of the action and the facts, so far as material, are stated in the opinion.

*George S. Kebabian* for appellants. The identity of plaintiff is not disclosed, but is enshrouded in ambiguity and mist behind a vague name or description. (*People* v. *Ingersoll,* 58 N. Y. 1.) Plaintiff sues in an individual, not in a representative right. (*First Nat. Bank* v. *Shuler,* 153 N. Y. 163; *Leonard* v. *Pierce,* 182 N. Y. 431; *Chumar* v. *Melvin,* 112 App. Div. 831.) The plea of foreign laws in its first declaration presents a conclusion of law; in its third declaration presents some partial evidence of foreign law not alleged, and in all of its declarations combined it tenders no issue of fact beyond that of the power of a certain religious bureau in Turkey to administer and distribute the estate of certain deceased subjects of Turkey. (*Clark* v. *Dillon,* 97 N. Y. 310; *Rothschild* v. *Rio Grande, etc.,* 59 Hun, 454; *Benney* v. *Drexel,* 33 Hun, 34; *Dennison* v. *Dennison,* 185 N. Y. 443; *Townshend* v. *Marshall,* 125 N. Y. 446; *Sheridan* v. *New York,* 68 N. Y. 30.) In the absence of a treaty the foreign law has no extraterritorial force or operation over property located in New York and the jurisdiction of a foreign administrator is confined to the foreign territory. The laws of New York govern the administration as well as the distribution of the estates of decedents located in New York. (*Matter of D'Amado,* 212 N. Y. 214; *Parsons* v. *Lyman,* 20 N. Y. 103; *Matter of Baubichon,* 49 Cal. 18; *Cooper* v. *Beers,* 143 Ill. 25; *Despard* v. *Churchill,* 53 N. Y. 192; *Warner* v. *Jaffrey,* 96 N. Y. 248; *Edgerly* v. *Bush,* 81 N. Y. 199; *Van Voorhis* v. *Brintrall,* 86 N. Y. 18; *Deering* v.

*McKennon,* 165 N. Y. 87; *Green* v. *Van Buskirk,* 5 Wall. 312; *Pullman's Palace Car Co.* v. *Pennsylvania,* 141 U. S. 181.) A foreign state may sue in our courts only for the recovery of some property of which it is the owner only to the same extent and in the same manner as a foreign person or corporation. No foreign government, no foreign sovereign acting in a governmental or administrative capacity may sue in our courts to enforce obedience to foreign laws or to secure protection for the private interests of its nationals. Our courts may not be used as the political or administrative auxiliary of a foreign government. New York is not yet a province of Turkey. (*Republic of Mexico* v. *De Arangoiz,* 5 Duer, 637; *King of Spain* v. *Hullet,* 1 Dowl. & Cl. 164; *Republic of Honduras* v. *Soto,* 112 N. Y. 310; *F. L. & T. Co.* v. *C. & N. P. R. Co.,* 68 Fed. Rep. 412; *Alabama* v. *Burr,* 115 U. S. 413; *People* v. *Booth,* 32 N. Y. 397; *People* v. *Ingersoll,* 58 N. Y. 1; *People* v. *New York, etc., R. Co.,* 84 N. Y. 568; *People* v. *Sutherland,* 207 N. Y. 22; *People* v. *Wood,* 121 N. Y. 522.) The government of Turkey is not the real party in interest, and payment to it is no protection to defendants. (*Toronto Trust Co.* v. *C., B. & Q. R. R. Co.,* 123 N. Y. 46; *Sheridan* v. *Mayor, etc.,* 68 N. Y. 32; *Brown* v. *Powers,* 53 App. Div. 251; *Hunter* v. *Allen,* 106 App. Div. 557; *St. James Co.* v. *Security Trust Co.,* 82 App. Div. 251; 178 N. Y. 560; *Lawrence* v. *Whitemarsh,* 100 N. Y. 35.)

*Vahan Cardashian* for respondent. The averment is a sufficient allegation of ownership to entitle the plaintiff to maintain the action. (*Berney* v. *Drexel,* 33 Hun, 34; *Rothschilds* v. *Rio Grande,* 59 Hun, 454; *Bryce* v. *Louisville, N. & C. R. R. Co.,* 73 Hun, 233.)

CHASE, J. The complaint alleges that one Hovhannes S. Tavshanjian died a resident of the county of New York

on the 22d day of July, 1907, leaving a last will by which he appointed among others the defendants the executors thereof; that said will has been duly admitted to probate and that letters testamentary have been duly issued to the defendants as executors of said will; that the decedent left a personal estate amounting to at least $500,000; that by said will he gave to his mother two policies of insurance on his life for $5,000 each, one in the Mutual Life Insurance Company and one in the Equitable Life Assurance Society of New York; that said policies of life insurance were paid to said executors in 1908, but the proceeds thereof were not paid to the legatee, the mother of the decedent, in her lifetime; that said legatee, the mother of the decedent, died on the 7th day of March, 1911, and at the time of her death she was a resident and subject of Turkey; that more than sufficient money exists in the hands of the defendants to discharge the debts of the testator and the legacies provided by said will of a prior class to that of the decedent's mother; that said debts have been fully paid and discharged, and that the amount in the hands of the defendants is sufficient to pay all legacies in full. The complaint also alleges that the plaintiff is the emperor of Turkey, and is recognized as such by the people of the Ottoman Empire and all the nations and powers of the world, and also that the plaintiff has demanded of said defendants payment of said legacies, but the defendants refused to pay the same. The complaint also alleges:

" *Twelfth.* That the Laws of Turkey provide: That immediately upon the death of a subject of Turkey, *the legal title to the estate* of such deceased person *vests in the plaintiff* and that the Sheik-Ul-Islamat, which is *invested by the plaintiff* with the exclusive jurisdiction and power over the interpretation and administration of all laws pertaining to religion and domestic relations of the land, must assume physical control of all the property and estate of the said deceased person and *distribute it*

*according to the Domestic Relations Law of Turkey,* which requires the heirs and other persons who may claim any part of such property and estate to appear before the court at the place where the said deceased person departed this life and prove their claims.

"That the Laws of 1883, Ministry of Justice, Sheik-Ul-Islamat, Text XVII, Kassam of Beit-Ul-Mal, Vol. III, page 88, provides:

"Art. II. 'The Kassam (Clerk of the Surrogate) shall keep a Register wherein he shall record in detail the name, second name, address and date of a deceased person; the amount of his or her estate; the name or names, the address or addresses of all the resident or non-resident heirs.'

"Art. IV. 'The Clerk of the Beit-Ul-Mal shall take testimony with reference to the estate and respective claims of the heirs of a deceased person and when he shall have completed this part of his work, he shall summon all the heirs of the deceased person who will appear before the Kassam of Beit-Ul-Mal, where an inquest shall be held and additional evidence shall be sought, and the Kassam of Beit-Ul-Mal shall render his decision with reference to all matters that pertain to the estate of the said deceased person, which decision shall be sealed and deposited in the Register of Process.'

"Art. V. 'Within eight days thereafter the Kassam of Beit-Ul-Mul shall proceed to take inventory of all the estate of a deceased person.'

"Art. XIII. 'The Kassam of Beit-Ul-Mal after he shall have completed the sale of all the property belonging to a deceased person, shall take charge of all moneys belonging to the said estate and shall place same in a bag in the presence of the heirs, if any, and the Director of the Kassam, and deposit same in the treasury.'

"Art. XIV. 'The Kassam, having fulfilled all the formalities required by law, will now proceed to the distribution of the estate, after having paid the debts of the

deceased person and having discounted therefrom the
legal fees belonging to the Beit-Ul-Mal. He shall dis-
tribute, without delay, first the shares of the major
heirs, and the shares of the orphans he shall turn over
to the Director of Beit-Ul-Mal, which amount will be
entrusted to the administration of the orphans' estate.'"

It is claimed by the appellants that the name used to
describe the plaintiff in the title to the action is not the
name of a person or corporation. Whether the appellants
are right in their assertion does not appear upon the face
of the summons and complaint. It depends upon proof.
The identity of the plaintiff as the emperor of Turkey can-
not be doubted. If the name used is a misnomer it can be
corrected upon motion or by answer. It is not an effectual
ground of demurrer. (*Bank of Havana* v. *Magee*, 20
N. Y. 355; *Traver* v. *Eighth Avenue R. R. Co.*, 3 Keyes,
497; *Empire State Savings Bank* v. *Beard*, 81 Hun, 184;
*Farrington* v. *Muchmore*, 52 App. Div. 247.)

By the complaint it is expressly alleged that the dece-
dent's mother, the legatee, was a subject of Turkey
residing in that country. It will not be presumed that
there are creditors in this state of such foreign legatee.
(*Matter of Mercure*, 1 Tucker, 288.) The allegation of
the twelfth paragraph of the complaint that legal title to
the estate is vested in the plaintiff is an allegation of the
legal effect of laws, written or otherwise, of Turkey.
(*Berney* v. *Drexel*, 33 Hun, 34; *Bryce* v. *Louisville, N. A.
& C. Ry. Co.*, 73 Hun, 233; *Kunz* v. *Bosselman*, 131
App. Div. 288; *Rochester Railway Co.* v. *Robinson*, 133
N. Y. 242, 246.)

In the *Berney* case, which was an action to recover the
possession of certain personal property of which a testator
was possessed at the time of his death, the complaint
alleged ownership "under and by virtue of the Laws of
France;" the court say: "This, it is alleged, is an allega-
tion of a legal proposition or conclusion, and not of a fact.
We are of opinion, however, that it is an allegation of

fact, under which, at the trial of the issue, the plaintiffs would be at liberty to prove the laws of France, for the purpose of establishing the fact that the title to the personal property vested immediately upon the decease of the testator in them; and on that fact being so proved, the legal result would be that such title would draw to it the right of possession and show full authority to maintain the action.  *  *  *  Pleadings are not now to be strictly construed against the pleader, and averments which sufficiently point out the nature of the pleader's claim are sufficient if, under them, upon a trial of the issues, he would be entitled to give all the necessary evidence to establish the claim." (p. 35.)

The allegation of title in the plaintiff is not modified by the further allegation that the Sheik-Ul-Islamat is "invested by plaintiff with the exclusive jurisdiction and power over the interpretation and administration of all laws pertaining to religion and domestic relations of the land," or that he "must assume physical control of all the property and estate of the said deceased person and distribute it according to the Domestic Relations Law of Turkey." These allegations, and the further allegations of paragraph twelfth quoted, simply show that the plaintiff in his sovereign capacity, immediately upon the death of a subject, takes the title to the estate of such deceased subject, resident of his country, for the purpose of distribution in accordance with the laws of that country.

The legatee if living could upon the facts stated in the complaint have maintained an action in this state to recover her legacy. The title of the plaintiff is complete for the purpose of sustaining an action to recover the property of the decedent.

It is perhaps unnecessary to say that it is not intended by this opinion to decide any question other than that the complaint states facts sufficient to constitute a cause of action.

The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.

COLLIN, J. (concurring). I concur in the conclusion reached by Judge CHASE. In my opinion the plaintiff is an entity which the law of this state can recognize as capable of possessing and asserting the right of action alleged in the complaint and there is not a misnomer. We know that there is the empire of Turkey or the Ottoman empire. The fact is alleged and is likewise judicially known that the sultan of Turkey is the emperor or sovereign of Turkey, the temporal and spiritual ruler of that nation. While the revolution of 1908 may have led to the introduction or re-introduction of phases of constitutional government, the sultan has remained the *padishah* or emperor. It is settled law that a foreign sovereign or nation may sue in our courts in the name designating the sovereignty. (*Republic of Mexico* v. *de Arrangois,* 11 How. Pr. 1; affd., 11 How. Pr. 576; *Republic of Mexico* v. *de Arangoiz,* 5 Duer, 634; *Republic of Honduras* v. *Soto,* 112 N. Y. 310.) In this we have adopted the law of England. (*King of Spain* v. *Machado,* 4 Russell, 560; *King of Spain* v. *Hullet and Widder,* 1 Clark & Fin. 333; *South African Republic* v. *La Compagnie Franco-Belge Du Chemin De Fer Du Nord,* L. R. [2 Ch. 1897] 487.)

The right of the legatee to receive, or her ownership of, the legacy was a part of her estate. The complaint alleges as a fact, as shown by Judge CHASE, that such right or ownership became vested in the plaintiff, although for the purposes of distribution in accordance with the decision of the Turkish tribunal. The equitable ownership of the estate in others than the plaintiff is not sufficient to defeat the plaintiff. It is enough for him to show that the legal title to the sum claimed is vested in him and that a recovery by him will protect the defendants against the claims of equitable owners, if any. If

there are facts which will defeat the title of the plaintiff as shown by the complaint, and through which the state of New York or others have title to the claim, they are to be pleaded by the defendants.

My vote is for affirmance.

HISCOCK and HOGAN, JJ., concur with CHASE and COLLIN, JJ.; WILLARD BARTLETT, Ch. J., MILLER and CARDOZO, JJ., dissent.

Order affirmed.